### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **DANIELLE SERINO**<br>1333 Lakeside Avenue<br>Cleveland, OH 44114<br><br>     Plaintiff,<br><br>    v.<br><br>**REVENUE ASSISTANCE**<br>**CORPORATION d/b/a REVENUE**<br>**GROUP**<br>C/o Michael T. Sherman, Registered Agent<br>3711 Chester Avenue, Suite 200<br>Cleveland, OH 44114<br><br>     Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff Danielle Serino ("Plaintiff"), through Counsel, and for her Complaint against Defendant Revenue Assistance Corporation d/b/a Revenue Group ("Defendant"), hereby states the following:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Danielle Serino ("Plaintiff" or "Serino") is a natural person who resides in Bratenahl, Ohio.

2.    Defendant Revenue Assistance Corporation ("Defendant" or "RAC") is a domestic corporation registered to do business with the Ohio Secretary of State.  RAC maintains its principal place of business in Cleveland, Ohio.

3.    RAC is the registrant of the registered trade name "Revenue Group", a trade name registered with the Ohio Secretary of State.  For all times relevant herein RAC's interactions with Serino were as Revenue Group.

4.      Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of the Telephone Collection Practices Act ("TCPA"), 47 U.S.C. § 227, *et al.* and 15 U.S.C. § 1692k(d), as this action arises under the FDCPA.

5.      This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Serino resides in this District and all of the causes of action described herein occurred in this District.

## INTRODUCTION

7.      Serino is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

8.      RAC is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which RAC states it is an accounts receivable management company[1]

9.      RAC is a company that uses the mail, telephone and/or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10.     RAC is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a medical "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

---

[1] https://revenuegroup.com/about-us/ (last visited December 31, 2020)

11.     Serino's transactions with each Defendant are a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected was a medical bill the primary purpose of which was for personal, family, or household use.

12.     Serino has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## BACKGROUND FACTS

13.     Sometime in 2017 Serino incurred a debt with the Cleveland Clinic.

14.     Beginning in mid-December 2018 and continuing until this day RAC, as Revenue Group, began placing calls to Serino's Cell Phone number which begins with the prefix (773) and ends in (5806. (the "Cell number")

15.     During at least one of the phone calls in December 2018 between RAC and Serino, Serino informed RAC that she was disputing insurance coverage regarding the services rendered by the Cleveland Clinic.

16.     By July 2019 Serino was continuing to work with her insurance company regarding the coverage issues and Serino began to make payments directly to the Cleveland Clinic on the adjusted bill.  Serino notified RAC of her direct payments to the Cleveland Clinic on this debt, as well as requesting that RAC stop communicating with her during at least one, if not, multiple calls between Serino and RAC between July 16, 2019 to July 30, 2019.

17.     Since that time during the present, RAC has continued to contact Serino via both telephone calls to the Cell Number and dunning notices despite being put on notice of Serino's dispute of the validity of the debt and revocation of consent.

18.     Since July 30, 2019 to the present Serino has sent RAC proof of payment on the debt including sending written documentation to RAC via email to a RAC Representative on October 28, 2019.

19.     During all times relevant herein, RAC owned and/or operated a phone number with the prefix (330) and ends with 4735. (the "330 number").

20.     From December 2018 through the present, RAC placed calls to the Cell Number from the 330 number on at least the following dates/times:

     a.     December 10, 2019 at 1:31pm
     b.     December 16, 2019 at 1:20pm
     c.     December 26, 2019 at unknown time
     d.     January 9, 2020 at 1:07 pm
     e.     January 9, 2020 at 3:08pm
     f.     January 15, 2020 at an unknown time

21.     In connection with at least one, if not all, of its calls referenced in Paragraphs 14 through 20, Defendant delivered a prerecorded or artificial voice message to the Cell Number.

22.     Prior to the calls referenced in Paragraphs 16 through 20, Serino answered a call from 330 number and spoke with an employee of RAC in December 2018.  During this call, Serino revoked consent to be contacted at the 330 number as well as disputed the validity of the debt that RAC was seeking to collect.

23.     Serino has suffered actual harm as a result of RAC's calls after revoking consent as well as collection attempts on a debt which Serino believes was satisfied with the original creditor. These actions have caused an invasion of her privacy, intrusion into her affairs, private nuisance as the majority of the calls have been receiving during regular business hours which have caused interference with Serino's employment, and on-going stress and anxiety that RAC's improper collection activities will continue.

## COUNT ONE: VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227, *et seq.* - Knowing and/or Willful Violations of the Telephone Consumer Practices Act)**

24.     Plaintiff restates all allegations contained in Paragraphs 1 through 23 in their entirety, as if fully rewritten herein.

25.     47 U.S.C. § 227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States....to make any call (other than a call made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing systems or an artificial or pre-recorded voice – to any telephone number assigned to a ...cellular telephone service....or any service for which the party is charged for the call.

26.     The Cell Number described in Paragraph 14 is owned by the Plaintiff and is a telephone number assigned to a cellular telephone service for which the Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27.     Based on the allegations in Paragraphs 15 through 22 and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or pre-recorded voice, RAC placed all of the calls to the Cell Number by using an automatic telephone dialing system.

28.     Based on the allegations in Paragraphs 15 through 22 and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or pre-recorded voice, RAC placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take

calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 199*1, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

29.     As demonstrated by Paragraphs 15 through 22, RAC placed its calls to the Cell number for non-emergency purposes.

30.     As demonstrated by Paragraphs 15 through 22, RAC placed its calls to the Cell Number under its own free will.

31.     At the time RAC made the calls to Serino, RAC had knowledge that it was using an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to the Cell number.

32.     RAC intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to the Cell number.

33.     At the time RAC made the calls described in Paragraph 15 through 22, RAC had actual knowledge that Serino had revoked consent to be contacted at the Cell number.

34.     Based on the allegations above, Serino suffered actual harm as a result of Defendant's calls.  She suffered an invasion of privacy, an intrusion into her life, and a private

nuisance. Serino is additionally suffering on-going stress and anxiety that RAC's improper collection activities will continue.

35.    Moreover, Defendant's calls at issue unnecessarily tied up the Cell number.

36.    Based on the allegations herein Serino has a good faith belief that RAC, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service or other VOIP-based phone numbers, absent prior express consent.

37.    RAC has violated 47 U.S.C. § 227(b)(1)(A) and is liable to Serino for statutory damages for each and every call and, if the Court finds RAC willingly and/or knowingly violated the TCPA, Serino is entitled to an award of up to one thousand five hundred dollars ($1,500.00) for each of the at least five (5) calls described herein.

## COUNT TWO: VIOLATIONS OF THE TCPA

**(47 U.S.C. § 227, *et seq*. - Negligent Violations of the Telephone Consumer Protection Act)**

38.    The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 37 as if fully contained herein.

39.    The foregoing acts and omissions of RAC constitute numerous and multiple negligence violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b)(1)(A)*, et seq.*

40.    As a result of the Defendant's negligent violations of 47 U.S.C. § 227*, et seq.*, Plaintiff is entitled to an award of $500.00 for each and every of the at least six (6) violations pursuant to 47 U.S.C. § 227(b)(3)(b).

## COUNT THREE
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*,

41.     Serino restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 36 in their entirety, as if fully rewritten herein.

42.     Serino is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

43.     The medical debt is a debt as Serino incurred them for personal, household or family use. 15 U.S.C. § 1692a(5)

44.     RAC is engaged in the collection of debts from consumers using the mail and the telephone. RAC regularly attempts to collect consumer debts alleged to be due to another. RAC is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

45.     RAC's actions in calling Serino at least six (6) times as described in Paragraphs 15 through 22 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt as RAC knew, or should have known especially after the direct communications from Serino that the debt may have been satisfied and/or Serino revoked consent to be contacted. Additionally based on the allegations herein, RAC's actions also violate 15 U.S.C. § 1692e(2) as RAC is asserting amounts due that have been satisfied.

46.     The actions of RAC described herein have directly caused Serino to live in constant anxiety, worry and frustration in having to deal with the repetitive calls and incur the time and expense of having to file unnecessary credit disputes.

47.     As a result of the actions of RAC, RAC is liable to Serino for statutory damages of $1,000.00, actual damages in an amount to be determined and Serino's reasonable attorneys' fees and costs related to the prosecution of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Danielle Serino respectfully requests the following relief against Defendant Revenue Assistance Corporation;

A)     For an award of actual damages for all allegations contained in Counts One, Two and/or Three;

B)     For an award of statutory damages of up to $1,500.00 for each of the five (5) violations alleged in Count One;

C)     For an award of statutory damages of up to $500.00 for each of the six (6) violations alleged in Count Two;

D)     For an award of statutory damages of $1,000.00 for the violations alleged in Count Three;

E)     For an award of Serino's reasonable attorney's fees and costs for the violations alleged in Count Three; and

F)     For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANN LAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

> /s/Marc E. Dann
> Marc E. Dann (0039425)
> Brian D. Flick (0081605)
> DANN LAW
> *Attorneys for Plaintiff*